### McCUTCHAN v. ADCOCK et al.
### No. 7397.

Circuit Court of Appeals, Seventh Circuit.
April 30, 1941.

Sidney Levy and A. Charles Lawrence, both of Chicago, Ill., for appellant.

Louis Cohen, of Chicago, Ill., for appellee.

Before EVANS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Plaintiff sues to recover the proceeds of a certain chose in action assigned by him as collateral to secure his note, which collateral on liquidation came into the hands of defendants. From an adverse decision plaintiff appeals, assigning as error the conclusions of law of the District Court.

The facts were stipulated and found by the Court in accordance with the stipulation, and the only question for review is the correctness of · the legal conclusions drawn by the District Court from such agreed facts. So far as pertinent to the decision of the question before this court the facts are, as follows: On or about March 14, 1927, plaintiff being indebted to the Standard American Fire Insurance Company (hereinafter called the company), for money loaned in the amount of $35,000, executed and delivered to said company his promissory note; said note was guaranteed by seven directors and officers of the company, each executing his individual note in the sum of $5,000; later on December 9, 1927, upon demand by the company the plaintiff for the purpose of further securing the payment of his said note, executed and delivered to one M. K. Hobbs an assignment of a certain unliquidated claim for damages against Toombs and Daily Company, a corporation, and others, plaintiff asserting that they were indebted to him in an amount in excess of $200,000; in the year 1928, the Toombs and Daily Company was adjudicated a bankrupt and there was filed by the defendants, who were attorneys practicing under the firm name of Haight, Adcock and Banning, a claim against said bankrupt corporation, growing out of the assigned chose in action; the claim was allowed by the bankruptcy court in the sum of $216,450 and on October 9, 1931, a first and final dividend was paid through the bankruptcy court on said claim in the sum of $9151.51, which came

into the hands of the defendants. Defendants had previously acted as attorneys for both the plaintiff and the company and were claiming a substantial sum due them for fees from each. $4,065 was conceded by the plaintiff to be due the defendants from him personally and this sum was, with the acquiescence of both plaintiff and the assignee, applied by defendants in satisfaction of their claim against the plaintiff. Defendants applied the balance of the bankruptcy dividend in the sum of $5,086.51, as a pro tanto satisfaction of their claim for fees against the company. This was done under the direction of plaintiff's assignee of the chose in action and with the knowledge of the company, their successors and agents. The company had a short time previously consolidated with another insurance company and had later been taken over by still another insurance company, the details of which transactions are for present purposes unimportant.

On March 9, 1937, plaintiff, in some fashion not disclosed, discharged his obligation on his said note of $35,000, and the same was cancelled and returned to him, and the notes given by the seven directors and officers were likewise cancelled and discharged. Plaintiff then demanded payment of defendants of the sum of $5,086.51 so retained by them in part satisfaction of their claim for attorneys' fees against the company.

The only question for decision on the merits is whether or not, under such circumstances, the defendants had a right to retain the said sum of $5,086.51.

Plaintiff-appellant argues that the assignment of his chose in action was not an absolute assignment, but given only as collateral security and that upon the redemption of his obligation upon his $35,000 note, in March, 1937, he was entitled to recover from defendants the proceeds of the collateral to the extent of the $5,086.51. It may be conceded that the assignment of the chose was not for all purposes absolute, and that it was given in the form of collateral, as additional security for plaintiff's note. The assignment, while given to one Hobbs, was given for the benefit of the company which had loaned plaintiff the $35,000, and the company had the real beneficial interest therein at all times. When the claim was liquidated by reason of the bankruptcy of the Toombs and Daily Company, the assignee of the chose in action had a right to receive the proceeds of such liquidation and to apply the same in payment of plaintiff's debt to the company in a manner consistent with the terms of the collateral assignment.

The plaintiff and the company were made fully aware at the time of defendants' intention to apply the proceeds in the manner indicated, offered no objection thereto, and will be deemed to have asquiesced therein. The company being the real beneficiary under the assignment was rightfully entitled to said sum of $5,086.51, and if it chose to permit defendants to apply same upon its debt to defendants, certainly plaintiff cannot complain and the company is not now complaining. A different question might have arisen if the company had objected to the appropriation by the defendants of the said sum of $4,065 in payment of plaintiff's personal obligation to the defendants. Suffice to say, they did not so object. The sum realized from the liquidation of the claim against Toombs and Daily Company in October, 1931, being much less than the then obligation of plaintiff for which it was given as collateral, there can be no question of the right of the company to such proceeds, and their right to apply it in any fashion they saw fit. That they were willing for defendants to retain same in part payment of their obligation to defendants is no concern of plaintiff.

When plaintiff, later in 1937, discharged his note to the company, we can only assume, in the absence of any showing to the contrary, that he received credit from the company for this sum of $5,086.51. He was without question entitled to such credit. If defendants had collected, in liquidation of the collateral, the full amount of the claim or any sum in excess of the amount due upon plaintiff's note, there could be no question of plaintiff's right to the overplus and to that extent the collateral assignment could not be said to be absolute; but if the assignment is to be effective at all for the purpose for which it was intended, it must, necessarily, carry with it a right to the assignee or beneficiary to collect and apply in satisfaction of plaintiff's principal obligation, the proceeds derived on liquidation of the collateral.

Much time has been devoted, both in the printed briefs and on oral argument to the applicability of the statute of limitations. Plaintiff argues his right of action arose in 1937, and, therefore, is not barred; defendants argue that the cause

of action arose in 1931 at the time of the liquidation of the collateral and hence is barred by the statute of limitations. We think on the agreed facts that plaintiff had no cause of action and hence will not notice the question of the statute of limitations. The lower court decided against plaintiff both on the merits and the statute of limitations. The judgment of the District Court is affirmed.